# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ERIC D. MONTOYA,

        Plaintiff(s),

vs.

ADAM WATSON, et al.,

        Defendant(s).

Case No. 2:13-cv-01953-APG-NJK

**ORDER**

(Docket No. 42)

Pending before the Court is Plaintiff's motion for a more definite statement. Docket No. 42. The Court has considered Plaintiff's motion, Defendants' opposition, and Plaintiff's reply. Docket Nos. 42, 47, and 53. The Court finds this motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion for a more definite statement is hereby **DENIED**.

**I.  Background**

On October 20, 2014, Defendants filed their reply in support of their countermotion to enforce the settlement agreement. Docket No. 24. In that reply, Defense counsel stated that she "verified that Plaintiff never submitted a kite related to the above agreement through Plaintiff's caseworker, associate warden, and the warden's office." *Id.*, at 3. On November 17, 2014, Plaintiff filed a motion for sanctions, stating that he turned in a kite on August 27, 2014. Docket No. 30. On November 25, 2014, Plaintiff filed a request for admission regarding the kite he submitted. Docket No. 32.

On December 4, 2014, Defense counsel filed an errata to the reply at Docket No. 24, correcting her statement regarding the kite. Docket No. 35. Defense counsel states that she "has been informed

1  that Plaintiff did in fact give a kite to his case worker." *Id.*, at 1.  Defense counsel states that the
2  caseworker thought the kite was a letter, recorded the kite as a letter, and told Defense counsel that the
3  kite was a letter. *Id.*, at 1-2. Defense counsel represents that, in response to reading Plaintiff's motion
4  for sanctions (Docket No. 30), she contacted Plaintiff's caseworker to see if Plaintiff had hand-delivered
5  a kite. *Id.*  Thereafter, on November 19, 2014, Defense counsel represents that she received a copy of
6  the kite from the Office of the Warden. *Id.*, at 2 and Exhibit B.
7        On December 30, 2014, Plaintiff filed this motion for a more definite statement in response to
8  statements made by Defense counsel.  Docket No. 42.  It appears that Plaintiff is requesting Defense
9  counsel to provide a more detailed response to his motion for sanctions (Docket No. 30) and his request
10 for admission (Docket No. 32).[1]  Defense counsel notes that Defendants have not filed any pleadings
11 in this case, but responded to the motion "out of an abundance of caution."  Docket No. 47, at 2, n. 1.

12 **II.     Analysis**

13       The motion for more definite statement is made pursuant to Federal Rule of Civil Procedure
14 12(e), which requires the filing of an amended pleading where the initial pleading is "so vague or
15 ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing
16 a responsive pleading and must point out the defects complained of and the details desired."
17 Fed.R.Civ.P. 12(e).  "Rule 12(e) is designed to strike at unintelligibility, rather than want of detail."
18 *Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 580 (D. Nev. 1984).  "Parties are expected to use
19 discovery, not the pleadings, to learn the specifics of the claims being asserted."  *OneBeacon Ins. Co.*
20 *v. Probuilders Specialty Ins. Co.*, 2009 WL 2407705, *4 (D. Nev. Aug. 3, 2009) (quoting *Sagan v. Apple*
21 *Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D.Cal.1994)).  Thus, motions for a more definite statement
22 are disfavored and rarely granted.  *See Millenium Drilling Co. v. Beverly House–Meyers Revocable*
23 *Trust*, 2013 U.S. Dist. Lexis 69716, *8, 2013 WL 2152756, *2  (D.Nev. May 16, 2013) (quoting *Sagan*,
24 874 F.Supp. at 1077).

---

26     [1] "Whom did Ms. Miller speak to between August 27 - Nov 18, 2014, in reference to this
27 stipulation.  All of her filings point to the fact that she NEVER spoke with anyone . . . If this is the case, please say as much, or give a more definite response to the motion for sanctions and request for
28 admission." Docket No. 42, at 5.

Plaintiff's motion does not comport with Rule12(e), because Plaintiff requests clarification of statements that are not contained in pleadings. Thus, Plaintiff's motion for a more definite statement made pursuant to Rule 12(e) is not proper. Accordingly, Plaintiff's motion for more definite statement (Docket No. 42) is hereby **DENIED**.

IT IS SO ORDERED.

Dated: March 2, 2015

_____
Nancy J. Koppe
United States Magistrate Judge