UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC D. MONTOYA, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> ADAM WATSON, et al., ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:13-cv-01953-APG-NJK <br><br> ORDER <br><br> (Docket No. 64) |

Pending before the Court is Plaintiff's motion for leave to amend the original complaint. Docket No. 64. Defendants filed a response. Docket No. 65. No reply was filed. *See* Docket. For the reasons discussed below, the Court **DENIES** Plaintiff's motion for leave to amend.

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. On May 12, 2014, the Court issued a screening order pursuant to 28 U.S.C. § 1915A and held that counts 1 and 2 in Plaintiff's Complaint would proceed, and dismissed count 3. Docket No. 2. In counts 1 and 2, Plaintiff alleges that Defendant Adam Watson, the associate warden of operations at the Ely State Prison, personally ordered and supervised the extraction of Plaintiff from his cell on March 29, 2013, in violation of the Eighth Amendment. *See id.*, at 2.

On June 25, 2014, the case was referred to the Inmate Early Mediation Program. Docket No. 8. The Inmate Early Mediation Conference was held on August 22, 2014, before Mediator Eleissa Lavelle. Docket No. 11. The parties reached a settlement at the mediation and placed the terms of the settlement on the record. *Id.* Subsequent to the mediation, disagreements concerning the terms

of the written settlement agreement resulted in the parties filing motions regarding the enforcement of the settlement agreement.  Docket Nos. 13, 15, 17.

The Court held oral arguments on the motions on March 6, 2015.  *See* Docket No. 62.  The Court found that the parties agreed on the material terms of the settlement, but that Defendants had not upheld their part of the agreement.  *Id.*  As such, the Court ordered Defendants to perform as agreed in the settlement agreement, no later than April 6, 2015.  *Id.*  The Court also ordered Defendants to provide supplemental briefing on the exact process in which Plaintiff would appear before the Full Classification Committee.  *Id.*

Defendants filed supplemental briefing on March 13, 2015.  Docket No. 63.  In their brief, Defendants represented that they had fully complied with the settlement agreement.  *Id.*, at 2.  However, Defendants have not filed a stipulation of dismissal in this case.  *See* Docket.

Plaintiff's pending motion seeks to add additional defendants that he alleges were involved in the March 29, 2013, incident.  Docket No. 64.  Because the Court already granted Defendants' countermotion to enforce the settlement agreement (Docket No. 17) and denied Plaintiff's motion to withdraw the settlement agreement (Docket No. 15) at the hearing, Plaintiff's motion to amend the complaint is moot.  Accordingly, the Court hereby **DENIES** Plaintiff's motion for leave to amend (Docket No. 64).  The Court **ORDERS** the parties to file a stipulation of dismissal and a proposed order, no later than September 8, 2015.

IT IS SO ORDERED.

DATED: August 18, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge