UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC D. MONTOYA,<br><br>           Plaintiff(s),<br><br>vs.<br><br>ADAM WATSON, et al.,<br><br>           Defendant(s). | Case No. 2:13-cv-01953-APG-NJK<br><br>ORDER<br><br>(Docket No. 70) |

Presently before the Court is Plaintiff's motion to reconsider. Docket No. 70. The Court has considered Plaintiff's motion, Defendant Watson's response, and Plaintiff's reply. Docket Nos. 70, 72, 76. The Court finds this motion appropriately resolved without oral argument. *See* Local Rule 78-2.

**I.     FACTS**

This is a *pro se* prisoner's civil rights action involving alleged Eighth Amendment violations. On March 29, 2013, Plaintiff contends that guards clad in riot gear used excessive force when they ripped him from his cell and left him sequestered in a segregated unit. Docket Nos. 2 at 2; 70 at 2. As a result of this incident, Plaintiff asserted claims against Defendant Adam Watson, the associate warden of operations at the prison, who allegedly ordered and supervised that extraction personally. Docket No. 2 at 2.

Plaintiff's complaint also asserted claims against Defendants Renee Baker and the Nevada Department of Corrections ("NDOC"). Docket No. 3 at 1. After the Court issued a screening order

pursuant to 28 U.S.C. § 1915A, however, only the claims relating to Defendant Watson survived. Docket No. 2.

The Court then referred the instant case to the Inmate Early Mediation Program. Docket No. 8. The mediation was fruitful: the parties settled and recorded the settlement terms on the record. Docket No. 11. However, later, disagreements over the settlement's terms arose as the parties negotiated the agreement's precise language. Motions regarding the enforcement of the settlement soon followed. Docket Nos. 13, 15, 17.

The Court held oral argument on the motions on March 6, 2015. *See* Docket No. 62. The Court found that the parties agreed on the material settlement terms – namely, Plaintiff would stipulate to dismiss the case if he was permitted to appear before the Full Classification Committee. *Id.* The Court therefore ordered Defendant to perform as agreed in the settlement agreement. *Id.* (granting Defendant's countermotion to enforce the settlement agreement (Docket No. 17), and denying Plaintiff's motion to withdraw the settlement agreement (Docket No. 15)).

Defendant submitted supplemental briefing on March 13, 2015, representing that NDOC had fully complied with the settlement agreement. Docket No. 63 at 2. Nonetheless, rather than stipulating to dismiss, Plaintiff moved for leave to amend his complaint to add additional defendants, whom he alleges were involved in the March 29, 2013, incident. Docket No. 64. Since the Court had already granted Defendant's motion to enforce the settlement agreement and NDOC had already performed as agreed, the Court denied Plaintiff's motion for leave to amend and ordered the parties to file a stipulation of dismissal. Docket. No. 67.

No stipulation of dismissal has been filed. *See* Docket. Instead, Plaintiff submitted a motion to reconsider. Docket No. 70. It is this motion that is presently before the Court.

**II.    STANDARD**

The Federal Rules of Civil Procedure do not envisage motions to reconsider interlocutory orders. *Evans v. Inmate Calling Solutions*, 2010 WL 1727841, at *1-2 (D. Nev. Apr. 27, 2010). Rather, courts have inherent procedural power to reconsider orders it deems inadequate. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Courts in this

District use the standard for a motion to alter or amend judgment under Rule 59(e) when evaluating motions to reconsider an interlocutory order. *Helfrich v. Neven*, 2015 WL 3875820, at *2 (D. Nev. June 22, 2015).

Therefore, reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003). Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation." *Id. at* 890. Yet, "a motion for reconsideration is properly denied where it presents no new arguments." *Evans*, 2010 WL 1727841, at *1-2 (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985)). A motion to reconsider therefore "should not be granted, absent highly unusual circumstances." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001).

**III.   ANALYSIS**

The Court properly denied Plaintiff's motion for leave to amend. A settlement of all claims among all parties moots the action. *See Sanford v. MemberWorks, Inc*., 625 F.3d 550, 557 (9th Cir. 2010) (holding that settlement with defendant in state court action mooted federal court action). Here, after the screening order, only Plaintiff's claims against Defendant Watson remained. Docket No. 2. Thereafter, Plaintiff and Defendant Watson mediated their dispute and settled the case. Docket No. 11. Plaintiff agreed to release Defendant Watson in order to receive the opportunity to appear before the Full Classification Committee. Docket No. 62. As a result, the Court granted Defendant's motion to enforce the settlement agreement and ordered the parties to file a stipulation for dismissal in accordance with the agreement. *Id*. These events extinguished the once-living dispute. Accordingly, the Court properly concluded that the settlement mooted Plaintiff's motion

1 for leave to amend.[1]

2 Upon reconsideration, there is no contention that the Court committed legal error or that
3 there was an intervening change in controlling law. Plaintiff's sole argument is based on newly
4 discovered evidence. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is
5 to be liberally construed").

6 To warrant reconsideration on the grounds of newly discovered evidence, Plaintiff must
7 show
8 that (1) the evidence was discovered after the Court's ruling, (2) the evidence could not be
9 discovered earlier through due diligence, and (3) the newly discovered evidence is of such
10 magnitude that had the court known of it earlier, the outcome would have been different. *Gibbons*
11 *v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2015 WL 2345533, at *3 (D. Nev. May 15, 2015) (citing
12 *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003)).

13 Plaintiff's argument fails on all three prongs. First, Plaintiff concedes that he acquired this
14 information in February 2015 – a month before he filed his original motion for leave to amend.
15 Docket No. 70 at 2. Because Plaintiff uncovered this evidence before the Court's ruling, he fails on
16 the first prong. Second, although Plaintiff contends that NDOC has erected a system to obfuscate
17 the guards' identities, Plaintiff seemingly acquired this information through a routine conversation
18 with a guard. *Id.*, at 2-3. Plaintiff's argument therefore fails on the second prong, for he does not
19 address whether this evidence could have been discovered via an earlier, similar conversation.
20 Finally, Plaintiff's argument neglects to consider the third prong, or otherwise explain how his
21 evidence would alter the Court's mootness analysis. Accordingly, reconsideration is improper.
22 //
23 //
24 //
25

26 [1] To the extent Plaintiff seeks to reargue his prior motion's arguments, the Court remains
27 unpersuaded. In any event, such arguments are procedurally improper. *See Evans*, 2010 WL 1727841, at *2.

28 - 4 -

1     Therefore, the Court DENIES Plaintiff's motion for reconsideration.  Docket No. 70.

2     IT IS SO ORDERED.

3     DATED: October 21, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

- 5 -