UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC D. MONTOYA, | ) |
| Plaintiff(s), | ) Case No. 2:13-cv-01953-APG-NJK |
| vs. | ) ORDER |
| ADAM WATSON, et al., | ) (Docket No. 68) |
| Defendant(s). | ) |

Presently before the Court is Defendant Adam Watson's motion to dismiss. Docket No. 68. The Court has considered Defendant's motion, Plaintiff's response, and Defendant's reply. Docket Nos. 68, 71, 73. This motion was referred to the undersigned for the preparation of a report and recommendation. *See* Rule 72(b).[1] The Court finds this motion appropriately resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the undersigned **RECOMMENDS** that the motion to dismiss be **GRANTED**.

**I.   FACTS**

This is a *pro se* prisoner's civil rights action. On March 29, 2013, Plaintiff contends that guards used excessive force when they removed him from his cell. Docket No. 2 at 2. Plaintiff alleges Defendant Adam Watson, the associate warden of operations at the prison, personally ordered and supervised the extraction. Docket No. 3 at 3-4.

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

1   As a result, Plaintiff filed a complaint asserting claims against Adam Watson, the Nevada Department of Corrections ("NDOC"), and Renee Baker. Docket No. 3 at 1. After the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, however, only the claims against Defendant Watson survived. Docket No. 2.

The Court then referred the instant case to the Inmate Early Mediation Program. Docket No. 8. The mediation was fruitful: the parties settled and recorded the settlement terms on the record. Docket No. 11. However, disagreements over the settlement's terms arose as the parties negotiated the agreement's language. Motions regarding the enforcement of the settlement followed. *See, e.g.*, Docket No. 17.

The Court held oral argument on the motions on March 6, 2015. *See* Docket No. 62. The Court found that the parties agreed on the material settlement terms – namely, Plaintiff would stipulate to dismiss the case if he was permitted to appear before the Full Classification Committee. *Id.* The Court therefore ordered the parties to perform as agreed in the settlement agreement. *Id.* (granting Defendant's countermotion to enforce the settlement agreement (Docket No. 17), and denying Plaintiff's motion to withdraw the settlement agreement (Docket No. 15)).

Defendant submitted supplemental briefing on March 13, 2015, representing that NDOC had fully complied with the settlement agreement. Docket No. 63 at 2. Nonetheless, rather than stipulating to dismiss, Plaintiff moved for leave to amend his complaint to add additional defendants, whom he alleges were involved in the March 29, 2013, incident. Docket No. 64. Since the Court had already granted Defendant's motion to enforce the settlement agreement, and NDOC had already performed as agreed, the Court denied Plaintiff's motion for leave to amend. Docket No. 67. The Court, again, ordered the parties to file a stipulation of dismissal. *Id.*

On September 9, 2015, Defendant presented Plaintiff with a stipulation of dismissal to sign. Docket No. 68 at 2. Plaintiff refused to sign it. *See* Docket No. 68-1 at 3. Thereafter, Defendant moved to dismiss, and Plaintiff filed a motion seeking reconsideration of his motion for leave to amend. Docket Nos. 68, 70. On October, 21, 2015, the Court denied Plaintiff's motion to reconsider. Docket No. 77. The motion to dismiss is presently before the Court. Docket No. 68.

- 2 -

## II. DISCUSSION

Under Rule 41(b), "[i]f the plaintiff fails to comply . . . with a court order, a defendant may move to dismiss the action . . . ." Fed. R. Civ. P. 41(b). Dismissal is "a harsh penalty and . . . should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir.1990)). That said, "[The Ninth Circuit] has repeatedly upheld the imposition of the sanction of dismissal for failure to comply with . . . court orders." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (collecting cases). Before dismissing a plaintiff's case, "a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quotation and quotation marks omitted). The Ninth Circuit has stated that dismissal under Rule 41(b) is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal quotation marks and citation omitted).

### A. The Public's Interest in Expeditious Resolution of Litigation

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This is especially the case here. The parties have settled their dispute and have an enforceable settlement. All that remains is the formality of dismissing the case. Accordingly, the Court finds that the public's interest in expeditious resolution of litigation strongly favors dismissal.

### B. The Court's Need to Manage its Docket

"[C]ourts have an inherent power to control their dockets." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Courts must be able to exercise that power without being subject to endless noncompliance with case management orders. *Ferdik*, 963 F.2d at 1261. Thus, "dismissal serves . . . the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than

the court, to control the pace of the docket." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006). Here, Plaintiff's noncompliance has undoubtedly impaired the Court's ability to manage its docket. Other than dismissal, nothing remains of this case. By failing to stipulate as agreed and ordered, Plaintiff has caused the action to come to halt, usurping the Court's control of the case. The second factor therefore weighs in favor of dismissal.

### C. The Risk of Prejudice to Defendant

"Prejudice . . . usually takes two forms – loss of evidence and loss of memory by a witness." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980). However, it also "may consist of costs or burdens of litigation." *Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d at 1228. Plaintiff's failure to follow this Court's orders has prejudiced Defendant in that it has required him to engage in unnecessary motion practice. Plaintiff has settled his claims against Defendant and received his agreed-upon consideration for his claims. Rather than performing as agreed, however, he refused to stipulate to dismiss the case, and, instead, submitted a motion to reconsider. These actions needlessly increased the costs and burdens borne by Defendant. Accordingly, Plaintiff's noncompliance has prejudiced Defendant, and this factor favors dismissal.

### D. The Public Policy Favoring Disposition of Cases on their Merits

The fourth factor, the public policy favoring disposition of cases on their merits, usually weighs against dismissal. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994). Here, however, no merits remain upon which the public policy may operate. Prior to the settlement agreement, the sole surviving defendant was Defendant Watson. *See* Docket No. 77. Plaintiff admits that he agreed to dismiss him with prejudice. Docket No. 71 at 2. The Court found that the settlement agreement was enforceable. Docket No. 62. Defendants performed under that agreement. Docket No. 63. When Plaintiff sought to introduce additional defendants into the action, the Court denied his motion for leave to amend and his motion for reconsideration. Docket Nos. 67, 77. Therefore, Plaintiff's claims against all Defendants have either been settled or dismissed, and the fourth factor weighs in favor of dismissal.

. . . .

### E. The Availability of Less Drastic Alternatives

Finally, the Court considers whether less drastic sanctions are available. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured[,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel . . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n. 1 (9th Cir.1987) (citation and internal quotation omitted). In the instant case, however, each of these possibilities is either inappropriate for a *pro se* litigant proceeding *in forma pauperis* or has already been employed with no apparent effect. As the parties have settled the case and performed as required by the settlement agreement, nothing remains of the case. Therefore, no less drastic alternative to dismissal is appropriate at this point, and the fifth factor weighs in favor of dismissal.

## IV. CONCLUSION

In summary, the Court finds that all the applicable factors weigh in favor of dismissal. Accordingly, the Court RECOMMENDS dismissing Plaintiff's claims against the sole remaining defendant, Adam Watson, with prejudice.

IT IS SO ORDERED.

DATED: November 23, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

- 5 -

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).